**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | :   2:25-mj-136 (CBB) |
| Aidan Harding, | : |
| Defendant. | : |

**DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S REQUEST FOR DETENTION**

COMES NOW, the Defendant, Aidan Harding, by and through counsels, Christopher M. Capozzi, Esquire, and Casey P. Mullen, Esquire, and submits this opposition to the Government's Request for Detention and states in support thereof as follows:

I.   *INTRODUCTION*

The Defendant is neither a danger to another person or the community nor a flight risk There is not just "some" evidence but ample evidence to rebut the presumption of detention imposed because the defendant is accused of "an offense involving a minor victim." There are conditions or a combination of conditions that will serve to ensure the Defendant's appearance if there are any, and the safety of the community. Accordingly, the Defendant should be immediately released on conditions.

II.   *APPLICABLE LAW*

The United States Code provides

> [s]ubject to **rebuttal** by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed – (E) an offense involving a minor victim.

18 U.S.C. § 3142(e)(3)(E) (emphasis added).

"A defendant must produce only 'some evidence' to rebut the presumption set forth in section 3142(e). The **quantum of evidence required to rebut the presumption is not high** [and] the defendant need only come forward with credible evidence conflicting with the presumption. When a defendant produces evidence the presumption, however, does not disappear. The burden of persuasion remains on the government and the rebutted presumption retains evidentiary weight." *United States v. Gibson*, 481 F. Supp. 2d 419, 420 (2007) (citation omitted) (emphasis added). Once a defendant rebuts the presumption, the Government must demonstrate by **clear and convincing evidence** that the defendant is a danger to the community. 18 U.S.C. § 3142(f)(2) (Release or Detention of Defendant Pending Trial - Detention Hearing); *United States v. Giampa*, 755 F. Supp. 665, 668 n. 3 (W.D.Pa. 1990) (emphasis added). In fact, to meets its burden of pretrial detention based on dangerousness the government must produce "clear and convincing evidence that an arrestee presents an identified articulable threat to an individual or the community." *United States v. Salerno*, 481 U.S. 739, 751 (1987).

    The United States Code further states that

> [t]he judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
>
> > (1)    the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> >
> > (2)    the weight of the evidence against the person;
> >
> > (3)    the history and characteristics of the person, including—

>   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

*Id.* at § 3142(g) (Release or Detention Pending Trial - Factors to be considered).

### III. ARGUMENT

#### A. *The Defendant is not a flight risk*.

The Defendant is not a flight risk for several reasons. First, he has deep roots in the Pittsburgh area. He has resided here his entire life, his parents and stepparents reside here, he graduated from Quaker Valley High School, he is employed at his mother's farm, he works with therapists at AHN's Center for Traumatic Stress. Second, he has never failed to appear for a court hearing – not as a juvenile, and not as an adult, he has never fled from law enforcement or escaped from custody. Third, he has never traveled internationally, he does not speak a foreign language, and he does not have a passport. Fourth, he has no history possessing or using fake ID. Finally, any concern about flight might addressed by imposing a travel restriction or an electronic monitoring condition.

#### B. *The Defendant is not a danger to the community*.

The Defendant is not a danger to the community and the Government's assertion that the Defendant is a danger to the community, even with the assistance of the presumption, is insufficient to warrant detention in this case.

### 1. *The Nature and Circumstances of the Offense Charged.*

He is accused of one count of possessing Child Sexual Abuse Material on his mobile telephone; he is not accused of dissemination or production, attempting to meet a child, or meeting a child. He is not accused of unlawful possession of a firearm or possession of an unlawful firearm, another dangerous weapon or destructive device, or making a threat.

The Affidavit of Probable Cause in Support of Criminal Complaint is 26 paragraphs long and chock full of detail. Its length and detail, however, are mostly unrelated to the case filed against the Defendant. In fact, it is not until paragraphs 23 and 24 of the that the United States develops the facts supporting the alleged offense – specifically:

> two videos, one which is two seconds and another which is three seconds; and,

> several additional images of Child Sexual Abuse Material, at least one of which was animation.

The balance of the affidavit concerns conduct unrelated to the pending charge and the Court should decline to accord it any weight in a preventative detention determination because it is entirely unrelated to the offense alleged in this case. *See United States v. Ploof*, 851 F.2d 7, 11 (1st Cir. 1988)(a defendant's threat to kill his girlfriend's husband could not be considered unless it was connected to the pending case – for instance, if he were a witness.)

### 2. *The History and Characteristics of the Defendant.*

The history and characteristics of the Defendant are generally addressed above. To the extent, he has other pending cases they do not relate to children, computers, or violence, and – importantly – the Allegheny County District Attorney has not asserted that either case warrants a "no bail" determination: (1) MJ-05225-CR-0000019-2025 – Possession of a Controlled Substance in violation 35 P.S. § 780-113(a)(16) (specifically, Marijuana) and Possession of Paraphernalia in violation 35 P.S. § 780-113(a)(32); and (2) CP-02-CR-0000536-2025 – 18 Pa.C.S. § 6111, 18 Pa.C.S. §§ 4904(a)(1) and (b) (specifically, asserting he was not an unlawful user of a controlled substance.)

Also, he is not currently on probation or parole, and did not violate his juvenile probation when he was subject to it. Further, his last contacts with law enforcement before the search warrant executed at his home on December 11, 2024, and his arrest by an Allegheny County Police Officer on January 10, 2025, were: 1) a misdemeanor case in Washington County Juvenile Court (OTN J 289416-1) stemming from an August 27, 2019 incident, where he successfully complete a period of supervision; and, 2) a case filed South Park Township stemming from a September 27, 2024 incident that was resolved as a summary offense.

      3.    ***The Weight of the Evidence.***

The Defendant addresses the weight of the evidence above and it is insufficient to warrant detention. To the extent that the government relies on assertions of that the Defendant is adherent to a violent racist ideology or has visited Internet sites associated with racially or ethnically motivated extremism, it may be deplorable but it is not criminal. Indeed, what the United States complains about and the majority of its evidence relate to his associations, his speech, and his

lawful possession of lawful firearms, all of which is protected by the 1st and 2nd Amendments of the Constitution.

    4.    ***The Dangerousness of the Defendant***.

The Defendant, for the reasons stated above, does not present such a danger to community that he should be incarcerated pending trial. Additionally, the United States simply did not allege an identifiable articulable threat to a person or the community. And, any concerns about dangerousness may be addressed by the standard conditions of release, along with conditions of electronic monitoring, limited or no Internet access, appointing a third party custodian, and continuing treatment at AHN's Center for Traumatic Stress or other properly licensed mental health professionals. In fact, Tabitha Latshaw, his Mother, is willing serve as a third party custodian and allow him to reside at her home in Allegheny County.

### IV.    *CONCLUSION*

WHEREFORE, for the foregoing reasons, the Defendant should be released on conditions.

Respectfully submitted,

*/s/ Chris Capozzi*

_____
Christopher M. Capozzi (ID # 77162)
100 Ross Street, Suite 340
Pittsburgh, PA 15219
Telephone: 412-471-1648
Facsimile: 412-592-0340
E-Mail: chris@cmcapozzilaw.com

*/s/ Casey P. Mullen*

_____
Casey P. Mullen (ID # 312541)
100 Ross Street, Suite 340
Pittsburgh, PA 15219
Telephone: 412-471-1648
Facsimile: 412-253-9255
E-Mail: casey@caseymullenlaw.com

## CERTIFICATE OF SERVICE

I, Christopher M. Capozzi, hereby certify that on February 12, 2025, a copy of the foregoing was filed electronically with the Clerk of Courts for the United States District Court for the Western District of Pennsylvania.

/s/ Chris Capozzi
_____
Christopher M. Capozzi (ID # 77162)